

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. L.G. Garvey
County Auditor
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. O-2711
Re: Can the county judge appoint as
many assistants as he may desire to
assist him in performing his duties
as county judge under the facts set
forth?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"Please furnish me with an opinion covering the following matter:

"Under Article 3912e, Vernon's Texas Statutes, 1936, Section 19, Paragraph H, can the County Judge appoint as many assistants as he may desire to assist him in performing his duties as County Judge, providing the Commissioners' Court approves his application for appointments and authorizes the appointment of such assistants and fixes their salaries not to exceed the maximum allowed in this paragraph?

" * * * * *"

Paragraph H, Section 19 of Article 3912e, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"(h) Whenever any district or county officer, or precinct officer when such officer is compensated on a salary basis, with the exception of district attorneys and criminal district attorneys, shall require the services of deputies, assistants, and employees in the performance of his duties he

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. A. O. Garvey, page 2

shall apply to the Commissioners' Court for authority to appoint such deputies, assistants, and employees, stating by sworn application the number needed, the position to be filled, the duties to be performed, and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions, and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants, and clerks and fix the compensation to be paid them within the limitations herein prescribed and determined the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant, or clerk in any office. Upon the entry of such order the officers applying for such deputies, assistants, and employees shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The maximum compensation which may be allowed to the deputies, assistants, or clerks above named for their services shall be as follows:

"First Assistant or Chief Deputy not to exceed Three Thousand Six Hundred ($3,600.00) Dollars per annum; one assistant or deputy not to exceed Three Thousand ($3,000.00) Dollars per annum; other assistants, deputies, and employees not to exceed Two Thousand Four Hundred ($2,400.00) Dollars per annum each; provided that bailiffs serving criminal district courts shall be paid not less than One Hundred and Seventy-five ($175.00) Dollars per month each; provided further that chief clerks or chief deputies in county and district offices shall receive not less than Three Thousand ($3,000.00) Dollars per annum each and heads of departments in county or district offices shall receive not less than Twenty-five Hundred ($2,500.00) Dollars per annum each. No payment shall be made to any deputy, assistant or employee for any service performed prior to the authorization of his appointment and

Hon. E. G. Garvey, Page 3

until he shall have subscribed to the constitutional oath of office and such appointment and oath have been filed with the county clerk for record. The amounts allowed to be paid to deputies, assistants and employees shall be paid after rendition of service out of said Officers' Salary Fund as provided for in this Act.

" . . ."

Section 19, Article 3912e, Vernon's Annotated Civil Statutes, is applicable to counties having a population in excess of 190,000 inhabitants, according to the last preceding Federal Census. Bexar County has a population in excess of 190,000 inhabitants according to the last preceding Federal Census. Therefore, Paragraph H, Section 19, Article 3912e, supra, is applicable to Bexar County. Also county officials of Bexar County are compensated on a salary basis.

We have been unable to find any case where Paragraph H, Section 19, Article 3912e, supra, has been construed by the appellate courts. However, in view of the foregoing statute, you are respectfully advised that it is the opinion of this Department that the county judge of Bexar County, in compliance with said Paragraph H, Section 19, Article 3912e, supra, may appoint as many assistants or employees when the services of such are required in the performance of his duties as the Commissioners' Court, in its discretion, may determine proper, provided the salaries of such assistants or employees shall not exceed the maximum allowed in the above statute.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:ob

APPROVED SEP 10, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN